UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LORENA E. HERRERA GONZALEZ, | ) Case No. CV 14-02414 AN |
|---|---|
| Plaintiff, | ) MEMORANDUM AND ORDER |
| v. | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") erred in rejecting the opinion of the agreed medical examiner, psychiatrist Brian P. Jacks, M.D. (JS 4-13, 20-21; AR 366-427.) Plaintiff suggests that if the ALJ had accepted Dr. Jacks's opinion, Plaintiff would have been found to have a severe mental impairment. (JS 10-11, 13); *see* 20 C.F.R. § 404.1520(c) (A severe impairment is one that significantly limits the claimant's physical or mental ability to do basic work activities.). This Court finds no

material error in the ALJ's assessment of Dr. Jacks's opinion.

Dr. Jacks conducted an agreed psychiatry examination of Plaintiff in August 2012. (AR 366-409.) He diagnosed Plaintiff with major depressive disorder, recurrent, panic disorder without agoraphobia, possible sleep apnea, and psychological factors affecting her physical conditions. (AR 383.) Dr. Jacks found that Plaintiff had "moderate" limitations in social functioning, memory, concentration, persistence and pace, and adaptation in a work setting, and "very slight" or "slight" limitations in comprehending and following instructions, performing simple or repetitive tasks, maintaining an appropriate work pace, performing complex or varied tasks, relating to other people beyond giving or receiving instructions, influencing people, making generalizations, evaluations or decisions without immediate supervision, and accepting or carrying out responsibility for direction. (AR 391-98.)

Plaintiff argues that the ALJ erred by failing to translate Dr. Jacks's assessment of Plaintiff's limitations from state workers' compensation terms into relevant Social Security terms. (JS 7-8, 10-13, 20-21.) While the categories of work under Social Security disability standards are "measured quite differently" from the workers' compensation standards, *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988), the ALJ was not required to explicitly "translate" the workers' compensation terminology into relevant Social Security terminology. *Booth v. Barnhart*, 181 F.Supp.2d 1099, 1106 (C.D. Cal. 2002) ("the ALJ's decision need not contain an explicit 'translation'" of workers' compensation terms of art); *see Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996) (the disability ratings under the workers' compensation system are not conclusive in a Social Security case). The ALJ only had an obligation to recognize the differences between the two statutory schemes. *See Booth*, 181 F.Supp.2d at 1106. The ALJ's decision reflects that she recognized the differences between the two disability systems and took those differences into account in evaluating the medical evidence. (AR 31.) The ALJ explained that Dr. Jacks' voluminous report "contained lengthy recitations of the claimant's history and background, and discussions of causation

Page 2

and apportionment," which were "not relevant" to the determination in Plaintiff's Social Security claim. (AR 31.) The ALJ also distinguished Dr. Jacks' workers' compensation agreed psychiatric examination of Plaintiff from the examining psychologist's consultative psychological evaluation and the treatment Plaintiff received from Plaintiff's treating psychiatrist. (AR 30-31.) Thus, the ALJ adequately demonstrated that she understood the differences between the workers' compensation and Social Security statutory schemes. *See Booth*, 181 F.Supp.2d at 1106.

Furthermore, in discounting Dr. Jacks's opinion, the ALJ properly relied on the opinion of the consultative psychologist, Banafshe Ardebili, Ph.D. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989) (the ALJ is responsible for resolving conflicts in the medical evidence). Dr. Ardebili conducted a complete psychological evaluation of Plaintiff in December 2011. (AR 346-53.) Dr. Ardebili diagnosed Plaintiff with dysthymic disorder and borderline to low average intellect, but noted that Plaintiff was an unreliable historian. (AR 351-52.) Dr. Ardebili reported that Plaintiff embellished her psychiatric and cognitive symptomatology, and her symptoms appeared highly discrepant with her presentation and functioning. (AR 351.) Dr. Ardebili concluded that Plaintiff's abilities to understand, remember, and carry out detailed instructions and maintain attention, concentration, persistence or pace were only mildly impaired. (AR 30-31, 33, 346-53.) No other work-related limitations were indicated. (AR 352.) Consistent with Dr. Ardebili's findings, the ALJ concluded that Plaintiff's dysthymic disorder caused no more than minimal limitation in Plaintiff's ability to perform basic mental work activities. (AR 27, 352); *see* 20 C.F.R. §§ 404.1520a(c)-(d), 404.1521(a). As Dr. Ardebili's opinion was based on independent, clinical findings, it provided substantial evidence for the rejection of Dr. Jacks' assessment. *Andrews*, 53 F.3d at 1041; (AR 28, 30-33.)

The ALJ also discounted Dr. Jacks's assessment due to Plaintiff's lack of credibility. (AR 30-33.) *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted). In support of the adverse credibility

1  determination, the ALJ emphasized that Plaintiff had exaggerated her symptoms and set
2  forth unreliable effort during her psychological examination with Dr. Ardebili. (AR 30-
3  33); *see Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (The ALJ may use
4  "ordinary techniques of credibility evaluation."). The ALJ also cited inconsistencies in
5  the evidence regarding Plaintiff's admitted activities of daily living (i.e., driving one-and-
6  a-half hours to attend the appointment with Dr. Jacks) and Plaintiff's claimed limitations
7  (i.e., inability to drive more than one hour). (AR 32-33, 217-19, 351, 367); *see Morgan
8  v. Apfel*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions
9  between claimant's reported limitations and claimant's daily activities). Plaintiff objects
10 to the ALJ's consideration of Plaintiff's daily activities because the ALJ did not
11 demonstrate how those activities were inconsistent Dr. Jacks's opinion. (JS 12.) Plaintiff
12 cites *Ryan v. Commissioner*, 528 F.3d 1194 (9th Cir. 2008), in which the Ninth Circuit
13 held that "an ALJ does not provide clear and convincing reasons for rejecting an
14 examining physician's opinion by questioning the credibility of the [claimant's]
15 complaints where the [examining physician] does not discredit those complaints and
16 supports his [or her] ultimate opinion with his [or her] own observations." *Id.* at 1199-
17 1200; (JS 12.) Plaintiff's reliance on *Ryan* is misplaced. In *Ryan*, unlike in this case, there
18 was "nothing in the record to suggest" the examining physician relied on the claimant's
19 own "description of her symptoms . . . more heavily than his own clinical observations,"
20 or otherwise disbelieved the claimant's description of her symptoms. *Ryan*, 528 F.3d at
21 1200. In this case, Dr. Jacks' report reveals that he relied significantly on Plaintiff's
22 subjective reporting. (AR 368-78.) Although Dr. Jacks did administer psychological
23 testing, several of the tests were "simple check-off tests" in which Plaintiff self-reported
24 her symptoms. (AR 378, 397.) Dr. Jacks also questioned the sincerity of Plaintiff's
25 subjective complaints. Dr. Jacks reported that Plaintiff was a "difficult historian" and
26 provided many atypical and rarely given responses on the MMPI-2. (AR 386, 399.) While
27 some of Plaintiff's responses may have been attributable to an emotional disturbance, Dr.
28 Jacks acknowledged Plaintiff had overstated her symptoms. (AR 380, 386, 399); *see*

*Ryan*, 528 F.3d at 1200. In light of the ALJ's determination that Plaintiff's subjective reporting was not credible, the ALJ permissibly discounted Dr. Jacks's findings. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that [the claimant's] description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription [of work restrictions] that was based on those less than credible statements."); *Morgan*, 169 F.3d at 602 (holding that a physician's opinion on disability premised on a claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted).

In sum, the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record to reject Dr. Jacks's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (if a treating or examining physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record).[1] Accordingly, Plaintiff is not entitled to reversal or remand on Issue #1.

## ORDER

---

[1] Plaintiff also notes that a nonexamining state agency medical consultant found Plaintiff had "moderate limitations" and had "considered [Plaintiff's] daily activities." (JS 11-12 (citing AR 93, 357).) Plaintiff asserts that the ALJ rejected the medical consultant's opinion, along with Dr. Jacks's opinion, based on her "lay interpretation of a medical report." (JS 11 (citing 93, 357).) The record shows that in January 2012, a medical consultant reported that Plaintiff had no significant limitation in performing work-related functions, except for moderate limitations in the ability to understand, remember, and carry out detailed instructions. (AR 91-92.) The medical consultant's determination was affirmed in April 2012. (AR 357.) Although the ALJ failed to address the weight given to the medical consultant's findings in the decision, the ALJ's determination as to the severity of Plaintiff's mental impairment was consistent with the medical consultant's opinion regarding Plaintiff's basic work activities. (AR 27-28, 91-92); *see* 20 C.F.R. §§ 404.1521(a) (An impairment or combination of impairments is not severe if it does not significantly limit the physical or mental ability to do basic work activities), 404.1521(b) (Basic work activities include the abilities and aptitudes necessary to do most jobs, such as physical functions of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting). Therefore, any error was harmless. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

1  The Court finds that the ALJ's determination of non-disability is free of legal error
2  and supported by substantial evidence in the record. Therefore, Plaintiff's request for an
3  order directing the payment of benefits or remanding this case for further proceedings is
4  DENIED, and the Commissioner's request for an order affirming the Commissioner's
5  final decision and dismissing the action is GRANTED.  The clerk shall enter judgment,
6  close the file and terminate all pending motions.

DATED: December 10, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE